IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY CARRAWAY, (TDCJ #00487360) | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-3440 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Gregory Carraway, a Texas state inmate, seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the calculation of his mandatory supervision eligibility. (Docket Entry No. 1). Carraway has also filed a memorandum of law in support of his petition. (Docket Entry No. 2). The respondent, Lorie Davis, moves for summary judgment on the ground that Carraway's petition is successive or, alternatively, that it is barred by the one-year statute of limitations and without merit. (Docket Entry No. 12). Carraway objects. (Docket Entry No. 15). Also pending before the Court is Carraway's motion for a status report or hearing. (Docket Entry No. 16).

After considering all of the pleadings, the state-court records, and the applicable law, the Court grants the respondent's motion and dismisses this case because Carraway does not have the necessary permission to file it, meaning that this Court has no jurisdiction. The reasons are explained below.

## I. Background

Carraway is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division as the result of his 1988 state-court conviction in Harris County Cause Number 484547. He was convicted of aggravated robbery and sentenced to a 40-year prison term. He is also incarcerated as the result of his 2004 state-court conviction in Harris County Cause Number 971663. He was again convicted of aggravated robbery and sentenced to a concurrent 25-year prison term.

In May 2017, Carraway filed a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure to challenge the calculation of his mandatory supervision eligibility in connection with his concurrent sentences. *See Ex parte Carraway*, Application No. WR-46,346-06. The Texas Court of Criminal Appeals denied the application, without a written order, in October 2017. *Id.*

In a federal habeas petition, executed in November 2017, Carraway contends that he is entitled to relief because TDCJ is improperly calculating his mandatory supervision eligibility date, in violation of his right to due process. *See* Docket Entry No. 1, at 5; Docket Entry No. 2. Specifically, Carraway asserts that he is eligible for mandatory supervision in connection with his 1988 conviction. He contends that he is entitled to release, regardless of whether he is eligible for mandatory supervision in connection with his 2004 conviction, because the sentences are running concurrently.

2

Court records reflect that Carraway has filed a previous federal habeas petition, in which he challenged his 2004 aggravated robbery conviction and sentence. *See Carraway v. Davis*, Civil No. 4:17-cv-2073 (S.D. Tex. March 28, 2018) (order dismissing case with prejudice). He has not sought permission to file this petition.

## II.    The Legal Standards

Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). However, a court on summary judgment must view the evidence through "the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254. Congress, through AEDPA, has constricted both the nature and availability of habeas review. The Court applies general summary judgment standards to the extent they do not conflict with the AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Carraway is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). The Court broadly interprets Carraway's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

### III. Discussion

The pending petition Carraway filed in this case is an unauthorized successive application under 28 U.S.C. § 2244(b). Before a second or successive application can be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If the pending petition is a successive writ, the Court has no jurisdiction to consider it without prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). A later application is successive when it: (1) raises a claim challenging the conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ. *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Carraway fails to demonstrate why he could not have raised the claims he raises here in his previous federal habeas petition. Carraway knew, or

should have known, that he was not eligible for release to mandatory supervision in July 2004, when he was convicted and sentenced for his second aggravated robbery offense.[1] Alternatively, Carraway knew the basis of his allegations at least by December 25, 2012, the date Carraway believes he should have been released to mandatory supervision. Because Carraway filed his previous federal habeas petition in 2017, well after either date, the pending petition meets the second-or-successive criteria.

Because the pending petition is successive, Carraway must seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Absent this authorization from the Fifth Circuit, the Court lacks jurisdiction over the petition. *Id.* at 775. It must be dismissed as an unauthorized successive writ.

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the

---

[1] *See* Tex. Gov't Code § 508.149(a)(12) (West 2004) ("An inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of...a first degree felony under Section 29.03, Penal Code[.]").

petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether Carraway stated a valid claim for relief. A certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment, (Docket Entry No. 12), is **GRANTED**.

2. Carraway's motion for a status report or hearing, (Docket Entry No. 16), is **DENIED** as moot.

3. Carraway's habeas corpus petition is **DISMISSED** without prejudice, for lack of jurisdiction as an unauthorized successive application.

4. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on MAR 0 8 2019.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE